UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**3Lions Publishing, Inc.**

**Plaintiff,**

**Case No.:**

v.

**JURY DEMANDED**

**Course Hero, Inc.,**
**Andrew Grauer Founder,**
**Gregor Carrigan Co-Founder,**
**John DOES 1-5,**

**Defendants.**

_____/

## ORIGINAL COMPLAINT

Comes now Plaintiff 3Lions Publishing, Inc. ("3LP") with its Complaint against Course Hero, Inc. ("CHI"), Andrew Grauer ("Grauer"), Gregor Carrigan ("Carrigan"), and John DOES 1-5 (collectively "Defendants"), and states as follows:

### INTRODUCTION

1. This is an action for Copyright Infringement under the United States Copyright Act of 1976, 17 U.S.C §§ 101 et seq. (the "Copyright Act") and Trademark Infringement pursuant to 15 U.S.C. §1116, §1117 and §1125, and violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 (the "DMCA").

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff 3Lions Publishing, Inc. is a corporation registered in the State of Florida that provides, *inter alia*, information, solutions and guidance to the healthcare industry regarding the implementation of safeguards to comply with the Health Insurance Portability and

1

Accountability Act ("HIPAA"), having its principal place of business located in Pinellas County at 3958 Talah Drive. Palm Harbor, FL 34684.

3. Upon information and belief Defendant CHI is a Delaware Corporation that describes itself as "an online learning platform where you can access over 20 million course-specific study resources contributed by a community of students and educators. You'll find practice problems, study guides, videos, class notes, and step-by-step explanations for every subject you're studying — from economics to literature, biology to history, accounting to psychology, and everything in between. We help you quickly find what you need so you can learn deeply," with its principal place of business located in San Mateo County, 2000 Seaport Blvd. Floor 3, Redwood City, CA 94063.

4. Upon information and belief Defendant Andrew Grauer is the CEO and Co-Founder of CHI and is a resident of California residing in San Mateo County.

5. Upon information and belief Defendant Gregor Carrigan is the CTO and Co-Founder of CHI and is a resident of California residing in San Mateo County.

6. Upon information and belief, at all times material hereto, Defendants CHI operated through the acts of its employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

7. This Complaint alleges Copyright Infringement under the Copyright Act. This Court has subject matter jurisdiction over this federal question claim pursuant to 28 U.S.C. § 1338(a). This Complaint also alleges Trademark Infringement pursuant to 15 U.S.C. §1116, §1117 and §1125 and violation of the DMCA under 17 U.S.C. § 1202.

8. This Court has personal jurisdiction over Defendants because Defendants' tortious acts of copyright infringement and trademark infringement all occurred either directly or

indirectly within this jurisdiction, and elsewhere in the State of Florida as well as throughout the United States, and/or was specifically targeted at this jurisdiction. Defendants knew, or should have known, that its acts of copyright and trademark infringement targeted this jurisdiction and/or would have a direct impact on persons or entities located in this jurisdiction where the intellectual property which is the subject of this action was created and is stored.

## ALLEGATIONS COMMON TO ALL COUNTS

9. 3LP owns a registered copyright in the HIPAA Survival Guide Fourth Edition ("HSG 4TH"), sold on the Internet at store.hipaasurvivalguide.com and elsewhere. *See* Exhibit A, HSG 4TH USCO Copyright Registration, attached hereto and included herein by reference[1].

10. The HSG 4TH is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended. *See* Exhibit G, HIPAA Survival Guide Fourth Edition.

11. The HSG 4TH contains "protectable elements" afforded copyright protection, said elements include, but are not limited to, the unique written content, images, graphics, and the unique expressions set forth in same.

12. 3LP is the sole owner of the HSG 4TH's copyright.

13. Subsequent to the issuance of the HSG 4TH's copyright certificate, Defendants infringed upon 3LP's copyright by encouraging CHI's users, acting in concert with them, to upload infringing works to CHI's website, including the HSG 4TH ("the Work"), and releasing said Work ("Infringing Content") on its company website, located at www.coursehero.com ("Defendants' Site"), in direct violation of the Copyright Act and of the DMCA. *See* Exhibit C, Defendant's Infringing Content taken from the Work.

---

[1] All exhibits are attached hereto and included herein by reference.

14. 3LP became aware of Defendant's use of the Infringing Content on or about November 6, 2018.

15. On or about November 8, 2018 3LP, via counsel, CHI was notified that it had infringed on 3LP's copyright and trademark ("Mark"). *See* Exhibit D, first notification of copyright infringement and trademark infringement to CHI; *see also* Exhibit B, 3LP's trademark registration with the U.S. Patent & Trademark Office ("USPTO"). 3LP's Mark is displayed along side the Infringing Content and elsewhere on Defendants' Site.

16. On or about November 11, 2018 3LP's, counsel provided CHI additional examples of trademark infringement. *See* Exhibit E, CHI student postings using 3LP's Mark.

17. 3LP never entered into any agreement with Defendants that would permit Defendants to adapt or otherwise use the Work or the Mark; therefore, Defendants possess no rights whatsoever in the Work or Mark, including any of the exclusive rights owned by 3LP under the Copyright Act, the Lanham Act, or the DMCA.

18. The success of 3LP's business is almost entirely dependent on 3LP's intellectual property, including its copyrighted works and trademarks; therefore, the infringing activity described herein materially threatens 3LP's business and the investments it has made over the eight plus years of its existence.

19. Defendants and their end-users were on notice that HIPAA Survival Guide is a trademark, as the Mark is plainly source identifier on the Infringing Content posted on their site. *See* Exhibit C.

20. The Work bears Plaintiff's Mark on the cover and its name along with its copyright management information in the footer of each page of the Work. *See* Exhibit G, HIPAA Survival Guide Fourth Edition.

21. On information and belief, Defendants obtained the Work from unauthorized sources. At the time Defendants obtained the Work it bore a copyright notice and copyright management information, including the name of the copyright owner and the terms and conditions for use of the Work.

22. Upon information and belief, Defendants mangled the copyright management information from the Work prior to reproducing it and uploading it onto their site for publication and distribution.

23. The Internet, although a vast resource of knowledge and an indispensable communications tool, is also a sanctuary for copyright and trademark infringement. Works that are made available on the Internet are at risk of being unlawfully reproduced or distributed by millions of users. In order to protect copyrighted works from being unlawfully reproduced or distributed it is important to insure copyrighted works are properly disseminated and that the true author is properly attributed. In order to protect copyright, owners must remain ever vigilant and must swiftly and forcefully enforce their copyright, otherwise their rights and commercial value in their works may extinguish. Here Defendants have encouraged the copyright infringement of their users (i.e. allegedly university students for the most part) and potentially the infringing activities of the universities that these users attend, including but not limited to; The Ultimate Medical Academy, Tampa FL; University of Phoenix; Western Governors University; Walden University and Southern New Hampshire University.

**<u>Defendants' Conduct</u>**

24. Upon information and belief Defendants' Site ("Site") encourages its users to upload potentially infringing content in order for said users to "earn credits" that would reduce the subscription amount that they must pay in order to gain access to the Site—thereby

Defendants "act in concert" with their users in direct violation of DMCA § 512(c)(1)(B) ("does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity"). *See* Exhibit F, Course Hero Membership Plans.

25. Upon information and belief, the unlawful use of 3LP's Work and its Mark enable the Defendants to attract larger amounts of internet traffic, often by misleading consumers into believing they are associated, affiliated with or authorized by 3LP.

**Count I – Copyright Infringement**
**[Damages for Copyright Infringement 17 U.S.C. § 501(a)]**

26. 3LP incorporates by reference all the allegations set forth in ¶¶ 1-25 as if fully set forth herein.

27. 3LP is the rightful owner of all rights related to the Work and, pursuant to 17 U.S.C. § 102(a), owns a copyright in same, for which an application for registration has been made and a certification issued.

28. Defendants, by using 3LP's copyrighted Work for their own economic gain without a contractual agreement with 3LP— unlawfully reproduced the Work, unlawfully distributed the Work, unlawfully displayed the Work, and unlawfully created derivative versions of the Work, in violation of 3LP's enumerated rights contained in the Copyright Act. *See generally* 17 U.S.C. §§ 106 and 501.

29. Upon information and belief, Defendants' acts of copyright infringement were willful and deliberate, in reckless disregard of 3LP's copyright, and intended for their own economic gain, without consideration for processes and safeguards that would have protected the rights of copyright holders. *See* 17 U.S.C. § 504(c)(2). 3LP suffered actual damages as a result of Defendant's infringement.

## Count II – False Designation of Origin
## 15 U.S.C. § 1125

30. 3LP incorporates by reference all the allegations set forth in ¶¶ 1-25 as if fully set forth herein.

31. Defendants' conduct as recited herein, including its use of names and marks on and in connection with its Site, constitutes a false designation of origin in that the use of the term "HIPAA Survival Guide" is likely to cause confusion, to cause mistake, or to deceive others as to the affiliation, connection, or association of Defendants with 3LP, or as to the origin, sponsorship, or approval of commercial activities with 3LP in that the Work is 3LP's copyrighted work and no sponsorship nor approval of Defendants' conduct has been granted by 3LP. Such conduct constitutes a violation of 15 U.S.C. § 1125.

32. Upon information and belief, such conduct is willful and intentional.

33. Upon information and belief, such conduct by Defendants may be ongoing and will continue to the irreparable damage of 3LP, unless enjoined by the court, 3LP is without a full and adequate remedy at law.

## Count III – Trademark Infringement

34. 3LP incorporates by reference all the allegations set forth in ¶¶ 1-25 as if fully set forth herein.

35. 3LP is the owner of the "HIPAA Survival Guide" Mark.

36. For nearly a decade, 3LP has continuously used the Mark in commerce on its website, located on the Internet at www.hipaasurvivalguide.com, and on its store front, located

on the Internet at store.hipaasurvivalguide.com; the Mark is widely known throughout the United States.

37. 3LP has spent tens of thousands of dollars advertising and promoting the Mark and the works bearing same.

38. 3LP has marketed and sold hundreds of thousands of dollars of works under the "HIPAA Survival Guide" Mark to thousands of customers.

39. As a direct result of the aforementioned use, promotion, and advertisement of the Mark, 3LP has built up and owns valuable goodwill symbolized by same.

40. Defendants' conduct, as averred herein including using and reproducing the Mark in commerce in connection with the sale, offering for sale, and advertising of works on the Defendants' Site, for the purpose or with the effect of directing consumers who are looking for authorized "HIPAA Survival Guide" Works to Defendants' Site, constitutes infringement of the Mark in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

41. Upon information and belief, the conduct of Defendants has been and is willful and deliberate.

42. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, 3LP great and irreparable injury that cannot fully be compensated in money. 3LP has no adequate remedy at law.

### Count IV – Violation of Digital Millennium Copyright Act
### [Integrity of Copyright Management Information 17 U.S.C § 1202]

43. 3LP incorporates by reference all the allegations set forth in ¶¶ 1-25 as if fully set forth herein.

44. Through the publication of the Work, Defendants knowingly and with the intent to induce, enable, facilitate or conceal information, distributed or imported for distribution,

copyright management information that was false, including but not limited words conveyed along with the copyright symbol followed by the year published, the name of the owner of the Work, the copyright holder, and terms and conditions for use of the Work.

45. Through the publication of the Work, Defendants, without the authority of Plaintiff, intentionally mangled (i.e. removed or altered) copyright management information.

46. Through the publication of the Work, Defendants distributed or imported for distribution, copyright management information knowing that the copyright management information had been removed or altered without the authority of Plaintiff, the copyright owner.

47. Defendants engaged in the above described acts despite knowing or having reasonable grounds to know that the above acts would induce, enable, facilitate or conceal an infringement of any right under the DMCA.

48. Defendants' knowing alteration of Plaintiff's copyright management information infringed Plaintiff's copyright under the DMCA, 17 U.S.C. § 1202(a) and (b).

49. Plaintiff is entitled to damages or statutory damages, and attorney's fees pursuant to 17 U.S.C. § 1203.

## JURY DEMAND

3LP requests a trial by jury on all issues to which it is entitled to a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, 3LP respectfully requests that the Court:

### Count I – Copyright Infringement

(A) Permanently enjoin Defendants and all other persons who are in active concert or participation with Defendants from continuing to infringe 3LP's copyrighted Work;

(B) Order Defendants to delete and permanently remove copies of 3LP's Work from each

of the computers under Defendants' possession, custody or control;

(C) Award 3LP statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504(c);

(D) Award 3LP reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505; and

(E) Grant 3LP any other and further relief this Court deems just and proper.

## Counts II & III – Trademark Infringement

(A) Permanently enjoin Defendants and all other persons who are in active concert or participation with Defendants from continuing to infringe 3LP's Mark;

(B) Grant to 3LP an award and accounting of Defendants' profits, any damages sustained 3LP, and that all profits or damages be trebled, the costs of this action, and 3LP's. attorneys' fees, pursuant to 15 U.S.C. § 1117.

## Count IV - Digital Millennium Copyright Act

(A) Award Plaintiff statutory damages under 17 U.S.C § 1203.

(B) Award Plaintiff costs and attorneys' fees under 17 U.S.C. § 1203;

(C) Grant Plaintiff any other and further relief as this Court deems just and proper.

## Designation of Place of Trial

3LP hereby designates Tampa, Florida as the place of trial of the above styled matter.

Respectfully submitted,

By: /s/ Carlos A. Leyva
Carlos A. Leyva
Florida Bar No. 0051017
**DIGITAL BUSINESS LAW GROUP, P.A.**
3958 Talah Dr.
Palm Harbor, FL 34684
Phone:   (800) 516-7903
Fax:      (800) 257-9128
Email: cleyva@digitalbusinesslawgroup.com

**ATTORNEY FOR PLAINTIFF
3LIONS PUBLISHING INC.**